IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                              Case No. 2:17-cr-48

Camilo Rocha-Ayon

OPINION AND ORDER

    Defendant was convicted of conspiracy to possess with the intent to distribute over five kilograms of cocaine. By judgment entered on August 28, 2017, defendant was sentenced to a term of imprisonment of one hundred and twenty months. On April 29, 2020, defendant filed a motion for compassionate release, seeking his immediate release on home confinement or probation in light of the COVID-19 epidemic. The government has filed a response in opposition to the motion.

    To the extent that the defendant's motion can be construed as a request for the court to order the Bureau of Prisons ("BOP") to permit him to serve the remainder of his sentence on home confinement, the motion is not well taken and is denied. Under 18 U.S.C. §3621(b), the BOP has the sole authority to determine the place of a defendant's confinement. Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), §12003(b)(2), the director of the BOP has the discretion to lengthen the maximum home confinement placement otherwise permitted under 18 U.S.C. §3624(c) during the covered emergency period. See CARES Act, Pub.L. 116-136, Div. B., Title II, §12003(b)(2). Only the BOP has the authority to place a defendant on home confinement under §3624(c) and the CARES Act. See United States v. Daniels, No. 4:08-CR-0464-SLB, 2020 WL 1938973 at *1-2 (N.D. Ala. Apr. 22, 2020); United States v. Serfass, No. 3:15-39, 2020 WL 1874126, at *3 (M.D. Pa. Apr. 15, 2020).

Insofar as defendant's motion is construed as a request for compassionate release under 18 U.S.C. §3582(c)(1)(A)(i) based on the COVID-19 risk, the court notes that before a defendant can file a motion for reduction in sentence for "extraordinary and compelling reasons" under that section in the district court, the defendant must first ask the warden to file a motion for a reduction in sentence on his behalf. If that request is denied by the warden within thirty days, defendant must exhaust all administrative appeals before filing a motion in district court. If, on the other hand, the defendant presents a request to the warden and receives no response within thirty days, he may then file a motion in the district court. See Daniels, 2020 WL 1938973, at *2-3; Guzman v. United States, No. 2:10-CR-161, 2019 WL 1966106, at *2 (E.D.Tenn. May 2, 2019). The exhaustion requirement contained in §3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic. See, e.g., United States v. Raia, ___ F.3d ___, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); United States v. Dickson, No. 1:19-cr-251-17, 2020 WL 1904058, at *2-3 (N.D. Ohio Apr. 17, 2020); United States v. Alam, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020).

Defendant does not allege that he has exhausted his administrative remedies. The government states that in response to an email inquiry, Darrell S. Roane, Executive Assistant for FCI Ashland, wrote that defendant has not submitted a request to the institution for release or other considerations due to his medical conditions and COVID-19. The motion for compassionate release is denied without prejudice due to defendant's failure to exhaust his administrative remedies.

It is so ordered.

Date: May 7, 2020            <u>S/James L. Graham</u>
James L. Graham
United States District Judge